| STATE OF NORTH CAROLINA | | File No. 19CVS133 |
|---|---|---|
| CALDWELL County | FILED | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

**Name And Address Of Plaintiff 1**
MICHAEL H. COOK, derivatively, on behalf of
CEDAR VALLEY FINISHING COMPANY, INC.
3330 SHAMROCK HEIGHTS
HUDSON   NC   28638

2019 FEB -5 A 8:09
CALDWELL CO., C.S.C.
BY_____

**GENERAL CIVIL ACTION COVER SHEET**
☒ INITIAL FILING    ☐ SUBSEQUENT FILING

Rule 5(b), General Rules of Practice For Superior and District Courts

**Name And Address Of Plaintiff 2**

**Name And Address Of Attorney Or Party, If Not Represented** (complete for initial appearance or change of address)
Michael P. Thomas
Patrick, Harper, & Dixon, LLP
Post Office Box 218
Hickory, NC 28603

**VERSUS**

**Name Of Defendant 1**
VICKIE QUICK
5705 PAGELAND HIGHWAY
LANCASTER, SC 29720

| Telephone No. 828-322-7741 | Cellular Telephone No. |
|---|---|
| NC Attorney Bar No. 28122 | Attorney E-Mail Address mthomas@phd-law.com |

**Summons Submitted** ☒ Yes ☐ No

☒ Initial Appearance in Case    ☐ Change of Address

**Name Of Defendant 2**
RICHARD QUICK
5705 PAGELAND HIGHWAY
LANCASTER, SC 29720

**Name Of Firm**
Patrick, Harper & Dixon, LLP
**FAX No.** 828-322-9340

**Counsel for**
☒ All Plaintiffs    ☐ All Defendants    ☐ Only (list party(ies) represented)

**Summons Submitted** ☒ Yes ☐ No

☒ Jury Demanded In Pleading
☐ Complex Litigation

☐ Amount in controversy does not exceed $15,000
☐ Stipulate to arbitration

## TYPE OF PLEADING

(check all that apply)
- ☐ Amend (AMND)
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Assess Costs (COST)
- ☐ Answer/Reply (ANSW-Response) (see Note)
- ☐ Change Venue (CHVN)
- ☒ Complaint (COMP)
- ☐ Confession Of Judgment (CNJF)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL)
- ☐ Contempt (CNTP)
- ☐ Continue (CNTN)
- ☐ Compel (CMPL)
- ☐ Counterclaim (CTCL) Assess Court Costs
- ☐ Crossclaim (list on back) (CRSS) Assess Court Costs
- ☐ Dismiss (DISM) Assess Court Costs
- ☐ Exempt/Waive Mediation (EXMD)
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Failure To Join Necessary Party (FJNP)

(check all that apply)
- ☐ Failure To State A Claim (FASC)
- ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
- ☐ Improper Venue/Division (IMVN)
- ☐ Including Attorney's Fees (ATTY)
- ☐ Intervene (INTR)
- ☐ Interplead (OTHR)
- ☐ Lack Of Jurisdiction (Person) (LJPN)
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
- ☐ Modification Of Child Support In IV-D Actions (MSUP)
- ☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
- ☐ Petition To Sue As Indigent (OTHR)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Sanctions (SANC)
- ☐ Set Aside (OTHR)
- ☐ Show Cause (SHOW)
- ☐ Transfer (TRFR)
- ☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
- ☐ Vacate/Modify Judgment (VCMD)
- ☐ Withdraw As Counsel (WDCN)
- ☐ Other (specify and list each separately)

NOTE: All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must either include a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

AOC-CV-751, Rev. 1/14
© 2014 Administrative Office of the Courts

(Over)

| | CLAIMS FOR RELIEF | |
|---|---|---|
| ☐ Administrative Appeal (ADMA)<br>☐ Appointment Of Receiver (APRC)<br>☐ Attachment/Garnishment (ATTC)<br>☐ Claim And Delivery (CLMD)<br>☐ Collection On Account (ACCT)<br>☐ Condemnation (CNDM)<br>☐ Contract (CNTR)<br>☐ Discovery Scheduling Order (DSCH)<br>☐ Injunction (INJU) | ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP)<br>☐ Medical Malpractice (MDML)<br>☐ Minor Settlement (MSTL)<br>☒ Money Owed (MNYO)<br>☐ Negligence - Motor Vehicle (MVNG)<br>☐ Negligence - Other (NEGO)<br>☐ Motor Vehicle Lien G.S. 44A (MVLN)<br>☐ Possession Of Personal Property (POPP) | ☐ Product Liability (PROD)<br>☐ Real Property (RLPR)<br>☐ Specific Performance (SPPR)<br>☐ Other *(specify and list each separately)* |

Date: 2/14/19

Signature Of Attorney/Party: [signature]

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s)   ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

AOC-CV-751, Side Two, Rev. 1/14
© 2014 Administrative Office of the Courts

| Name Of Plaintiff MICHAEL H. COOK, derivatively, on behalf of CEDAR VALLEY FINISHING COMPANY, INC. | |
| --- | --- |
| Address<br>3330 SHAMROCK HEIGHTS | **CIVIL SUMMONS**<br>☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| City, State, Zip<br>HUDSON  NC  28638 | |
| VERSUS | G.S. 1A-1, Rules 3 and 4 |
| Name Of Defendant(s)<br>VICKIE QUICK and RICHARD QUICK | Date Original Summons Issued |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1<br>VICKIE QUICK<br>5705 PAGELAND HIGHWAY<br>LANCASTER  SC  29720 | Name And Address Of Defendant 1<br>VICKIE QUICK<br>603 BROOME STREET<br>MONROE  NC  28110 |
| --- | --- |

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)<br>MICHAEL P. THOMAS<br>PATRICK, HARPER & DIXON, LLP<br>34 2ND STREET NW<br>HICKORY, NC 28601 | Date Issued<br>2-5-19 | Time<br>8:09 ☒ AM ☐ PM |
| --- | --- | --- |
| | Signature<br>☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time<br>☐ AM ☐ PM |
| --- | --- | --- |
| | Signature<br>☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | AM / PM | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM  ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | AM / PM | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM  ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| | |
| Date Of Return | County Of Sheriff |
| | |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | File No. *19CVS133* |
|---|---|
| CALDWELL County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff MICHAEL H. COOK, derivatively, on behalf of CEDAR VALLEY FINISHING COMPANY, INC. | |
|---|---|
| Address<br>3330 SHAMROCK HEIGHTS | **CIVIL SUMMONS**<br>☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| City, State, Zip<br>HUDSON        NC    28638 | |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| Name Of Defendant(s)<br>VICKIE QUICK and RICHARD QUICK | Date Original Summons Issued |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| RICHARD QUICK<br>5705 PAGELAND HIGHWAY<br>LANCASTER        SC    29720 | RICHARD QUICK<br>603 BROOME STREET<br>MONROE        NC    28110 |

⚠️ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

¡**IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)<br>MICHAEL P. THOMAS<br>PATRICK, HARPER & DIXON, LLP<br>34 2ND STREET NW<br>HICKORY, NC  28601 | Date Issued<br>2-5-19 | Time<br>8:09 ☒ AM ☐ PM |
|---|---|---|
| | Signature *Kim M. McCallum* | |
| | ☒ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

Case 5:19-cv-00025-RJC-DCK   Document 1-1   Filed 03/11/19   Page 5 of 17

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA  IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF CALDWELL ) FILE NO. 19 CVS _133_

MICHAEL H. COOK, derivatively, on )
behalf of CEDAR VALLEY FINISHING )
COMPANY, INC. ) **VERIFIED COMPLAINT**
) **(Jury Demanded)**
Plaintiff, )
)
v. )
)
VICKIE QUICK and RICHARD QUICK, )
)
Defendants. )

The Plaintiff, Michael H. Cook ("Cook"), derivatively on behalf of Cedar Valley Finishing Company, Inc. ("Cedar Valley Finishing") as provided under N.C. Gen. Stat. § 55-7-40, and, complaining of the acts of the Defendants, Vickie Quick ("Vickie") and Richard Quick ("Richard"), alleges and says:

1. Cook is a citizen and resident of Caldwell County, North Carolina, and is a shareholder of Cedar Valley Finishing such that he has standing to bring this action under N.C. Gen. Stat. § 55-7-41.

2. Cedar Valley Finishing is a textile finishing business and a North Carolina corporation with its principal place of business located at 603 Broome Street, Monroe, Union County, North Carolina 28110.

3. The Defendants Vickie Quick ("Vickie") and Richard Quick ("Richard") are residents of Lancaster County, South Carolina.

4. Cook owns a 50% stake in Cedar Valley Finishing.

5. Richard and Vickie Quick are married and collectively own a 50% stake in Cedar Valley Finishing. Upon information and belief, Vickie Quick and Richard Quick each own 25%.

6. At all times relevant to the Verified Complaint, Vickie Quick and Richard Quick were officers and directors of Cedar Valley Finishing, and as such owed fiduciary duties to Cedar Valley Finishing.

7. Cook obtained his stake in Cedar Valley Finishing from his father. Cook's father and Richard Quick started Cedar Valley Finishing together.

8. At all relevant times, Cook, or his father before him, reasonably expected that, as ½ owner, he would receive ½ of the profits after Richard Quick paid himself and any other employees reasonable, fair market based compensation and benefits.

9. As officers and directors, Vickie Quick and Richard Quick owed a duty of good faith, due care, and loyalty to Cedar Valley Finishing.

10. Cook began to notice a number of irregularities in the finances and management of Cedar Valley Finishing. These included payment of exorbitant salaries and other benefits to Vickie, Richard and other members of their family who are or were employed at Cedar Valley Finishing, payment of substantial personal expenses out of Cedar Valley Finishing funds for the personal benefit of Richard and Vickie Quick or their family members, and, upon information and belief, the use of Cedar Valley Finishing funds and facilities for the benefit of one or more other businesses enterprises which the Quick family has or does operate, possibly in competition with Cedar Valley Finishing.

11. With regard to compensation and other benefits, Vickie and Richard have paid themselves and paid members of their family, including their children, salaries and other benefits extravagantly in excess of fair market value for the services each such employee actually rendered to Cedar Valley Finishing.

12. Credit card records for cards paid by Cedar Valley Finishing indicate almost daily charges at convenience and groceries stores for meals and gas, routine charges for travel and hotels (unrelated to company business) and other purchases.

13. The financial records for Cedar Valley Finishing show high gasoline costs which are beyond that which would be reasonably necessary to fund the business of Cedar Valley Finishing. Not only does the entire Quick family appear to be funding their personal travel through these cards, but it also appears they are funding the fuel expenses for a landscaping businesses operated by members of the Quick family with Cedar Valley Finishing's money.

14. Records of the North Carolina Secretary of State indicate that the Quick family, including Richard and Vickie Quick, started another textile business at the same address as Cedar Valley Finishing, called Monroe Textile Solutions, which may have been diverting corporate opportunities from Cedar Valley Finishing and may have been doing so utilizing Cedar Valley Finishing's equipment. Cedar Valley Finishing's financial records show substantially higher utility costs borne by Cedar Valley Finishing than would be justified by Cedar Valley Finishing's revenue.

15. The amount attributable to non-company activities on Cedar Valley Finishing credit cards is in excess of $20,000.00 per year.

16. This use of Cedar Valley Finishing funds was not in good faith and the Defendants knew that such actions were for their personal benefit and had not been approved by any independent or disinterested Board of Directors.

17. Review of the compensation and other benefits Cedar Valley Finishing provided to Richard Quick, Vickie Quick, and other Quick family members revealed that compensation was not reasonable for the services provided, and that in 2017 there were over $360,000.00 in excess salary payments above reasonable compensation.

18. During the relevant times, Cedar Valley Finishing has been reporting slim profits to its shareholders, claiming to be suffering hard times.

19. Cedar Valley Finishing has actively worked to conceal these expenses for the benefit of the Quick family from Cook so that he would not discover the Quick families' diversion of corporate revenue to their salaries, personal expenses, and other businesses.

20. In June 2018, Cook made a demand in writing on Cedar Valley Finishing, directed to Vickie Quick, as President of Cedar Valley Finishing, attached hereto as **Exhibit A**, and incorporated by reference as if set forth herein. This demand called for the company to take suitable action to resolve these overpayments to the Quick family, as well as other corporate action.

21. While some of Cook's demands regarding information have been addressed, no action has been taken to resolve the obvious diversion of company revenue to the benefit of the Quick family, nor have any of the meeting demands been met. The remainder of Cook's demands have been refused or ignored by Cedar Valley Finishing, Vickie Quick, and Richard Quick.

22. Cook made these demands in writing, with sufficient particularity to allow Cedar Valley Finishing to correct the problem or to bring its own direct action, and ninety (90) days have expired since such demand. Therefore, Plaintiff has fulfilled the demand requirement as set forth in N.C. Gen. Stat. § 55-7-41.

23. By authorizing compensation and other benefits above fair market value without the approval of disinterested directors, using Cedar Valley Finishing credit cards for personal use of for the benefit of another company, allowing a separate business to operate in Cedar Valley Finishing facilities, and using Cedar Valley Finishing funds and facilities to aid another business operated by Quick family members, Vickie and Richard Quick have breached the duties of good faith, due care, and loyalty which they owe to Cedar Valley Finishing.

24. By engaging in the conduct described above, Defendants breached their duty of loyalty to Cedar Valley Finishing.

25. By engaging in the conduct described above, Defendants failed to act with the care an ordinarily prudent person in a like position would exercise under similar circumstances, and breached their duty of due care to Cedar Valley Finishing.

26. By engaging in the conduct described above, Defendants breached the duties they owed to Cedar Valley Finishing. This conduct amounts to constructive fraud.

27. Cedar Valley Finishing is entitled to damages in excess of $25,000.00 for harm caused by Defendants constructive fraud.

28. Cedar Valley Finishing is entitled to punitive damages because of the Defendants' constructive fraud.

29. Cook had one or more substantial reasonable expectations known, assumed, or concurred in by other shareholders, including, but not limited to, voting rights and the right to participate in shareholder meetings. Cook expected the Quick family to devote their full time and best efforts to the business of Cedar Valley Finishing. Cook reasonably expected to receive ½ of the profits after the company provided the Quick family reasonable, market based compensation and benefits.

30. Through no fault of his own, the substantial reasonable expectations of Cook have been frustrated by the conduct described above.

**WHEREFORE,** the Plaintiff prays the Court that:

a. It recover compensatory damages from the Defendants, jointly and severally, in an amount in excess of $25,000;

b. It recover punitive damages in an amount to be proven at trial;

c. It recover its cost in this action, including reasonable attorney's fees pursuant to N.C. Gen. Stat. § 55-7-46;

d. It receive a trial by jury on all issues so triable;

e. It recover such other relief as the Court deems appropriate.

This the 1 day of February, 2019.

_____
Michael P. Thomas
N.C. State Bar 28122
Molly Simpson Gross
N.C. State Bar No. 51116
Patrick, Harper & Dixon L.L.P.
Post Office Box 218
Hickory, North Carolina 28603
(828) 322-7741
MThomas@phd-law.com
MGross@phd-law.com
*Attorneys for the Plaintiff*

# VERIFICATION

The undersigned, being first duly sworn, deposes and says that he is the Plaintiff in the foregoing action, and that he has read the Complaint knows the contents thereof and that the same is true of his/her own knowledge except as to matters therein alleged upon information and belief, and as to those matters he/she believes them to be true.

_____
Signature of Michael H. Cook

Michael H Cook
_____
Printed Name of Michael H. Cook

STATE OF North Carolina

COUNTY OF Catawba

Sworn to and subscribed before me this 1st day of February, 2019.

Kathy W Armstrong
_____
Notary Public

KATHY W ARMSTRONG
_____
Notary's Printed Name

My Commission Expires: 6/03/2022

| | |
|---|---|
| STATE OF NORTH CAROLINA ) | IN THE GENERAL COURT OF JUSTICE |
| ) | SUPERIOR COURT DIVISION |
| COUNTY OF CALDWELL ) | FILE NO. 19 CVS 133 |
| ) | |
| MICHAEL H. COOK, derivatively, on ) | |
| behalf of CEDAR VALLEY FINISHING ) | |
| COMPANY, INC. ) | **NOTICE OF DESIGATION PURSUANT** |
| ) | **TO N.C. GEN. STAT. § 7A-45.4** |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| VICKIE QUICK and RICHARD QUICK, ) | |
| ) | |
| Defendants. ) | |

Pursuant to N.C. Gen. Stat. § 7A-45.4, Plaintiff Michael H. Cook ("Cook"), individually, and derivatively, on behalf of Cedar Valley Finishing Company, Inc. ("Cedar Valley Finishing") seeks to designate the above-captioned action as a mandatory complex business case. In good faith, and based on information reasonably available, Plaintiff Michael H. Cook, individually, and derivatively, on behalf of Cedar Valley Finishing Company, Inc., through counsel, hereby certifies that this action meets the criteria for:

    X    Designation as a Mandatory Complex Business Case pursuant to N.C. Gen. Stat. § 7A-45.4(a), in that it involves a material issues related to:

        X   (1) Dispute involving the law governing corporations, except charitable and religious organizations qualified under G.S. 55A-1-40(4) on the grounds of religious purpose, partnerships, and limited liability companies, including disputes arising under Chapters 55, 55A, 55B, 57D, and 59 of the General Statutes.

        _____ (2) Disputes involving securities, including disputes arising under Chapter 78A of the General Statutes.

_____ (3) Disputes involving antitrust law, including disputes arising under Chapter 75 of the General Statutes that do not arise solely under GS 75-1.1 or Article 2 of Chapter 75 of the General Statutes.

_____ (4) Disputes involving trademark law, including disputes arising under Chapter 80 of the General Statutes.

_____ (5) Disputes involving the ownership, use, licensing, lease, installation, or performance of intellectual property, including computer software, software applications, information technology and systems, data and data security, pharmaceuticals, biotechnology products, and bioscience technologies.

_____ (6) Disputes involving trade secrets, including disputes arising under Article 24 of Chapter 66 of the General Statutes.

_____ (7) Contract disputes in which all of the following conditions are met:

    (a) At least one Plaintiff and at least one Defendant is a corporation, partnership, or limited liability company, including any entity authorized to transact business in North Carolina under Chapter 55, 55A, 55B, 57D, or 59 of the General Statutes.

    (b) The complaint asserts a claim for breach of contract or seeks a declaration of rights, status, or other legal relations under a contract.

    (c) The amount in controversy computed in accordance with G.S. 7A-243 is at least one million dollars ($1,000,000).

    (d) All parties consent to the designation.

_____ Designation as a Mandatory Complex Business Case pursuant to N.C. Gen. Stat. § 7A-45.4(b), in that it is an action:

_____ (1) Involving a material issue related to tax law that has been the subject of a contested tax case for which judicial review is requested under constitutional challenge to a tax statute.

_____ (2) Described in subsection (1), (2), (3), (4), (5), or (8), of 7A-45.4(a) in which the amount in controversy computed in accordance with G.S. 7A-243 is at least five million dollars ($5,000,000).

_____ (3) Involving regulation of pole attachments brought pursuant to G.S. 62-350.

The above-captioned action is properly designated as a mandatory complex business case pursuant to N.C. Gen. Stat. § 7A-45.4 (a)(1) because it is a dispute "involving the law governing corporations, except charitable and religious organizations qualified under N.C. Gen. Stat. § 55A- 1-40(4) on the grounds of religious purpose, partnerships, and limited liability companies, including disputes arising under Chapters 55, 55A, 55B, 57D, and 59 of the General Statutes" – as Cook brought this action invidually, and derivatively on behalf of Cedar Valley Finishing, pursuant to N.C. Gen. Stat. § 55-7-40. The Complaint was filed on February 5th, 2019. Therefore, this Notice of Designation is timely filed.

This the 1st day of February, 2019.

                                                                           /s/
Michael P. Thomas
N.C. State Bar 28122
Molly Simpson Gross
N.C. State Bar No. 51116
Patrick, Harper & Dixon L.L.P.
Post Office Box 218
Hickory, North Carolina 28603
(828) 322-7741
MThomas@phd-law.com
MGross@phd-law.com
*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the opposing party or parties or counsel for the opposing party or parties in the foregoing matter with a copy of the foregoing paper or papers by ( X ) depositing in the U.S. Postal Service a copy of same in a property addressed envelope with adequate postage thereon, or ( ) handing it to him or her or leaving same at this or her office with a responsible partner or employer, or ( ) by facsimile pursuant to Rule 5(b) of the Rules of Civil Procedure as follows to the following person(s):

Terry M. Sholar
Perry, Bundy, Plyler & Long, LLP
P.O. Box 7
Monroe, North Carolina 28111

And via e-mail according to the General Rules of Practice and Procedure for the North Carolina Business Court, and N.C. Gen. Stat. § 7A-45.4 addressed as follows:

The Honorable Mark Martin, Chief Justice of the Supreme Court of North Carolina
*David.F.Hoke@nccourts.org*

The Honorable Judge Louis A. Bledsoe, III
Chief Special Superior Court Judge for Complex Business Cases
*Thomas.W.Estes@nccourts.org*

This 11th day of February, 2019.

Michael P. Thomas
N.C. State Bar 28122
Molly Simpson Gross
N.C. State Bar No. 51116
Patrick, Harper & Dixon L.L.P.
Post Office Box 218
Hickory, North Carolina 28603
(828) 322-7741
MThomas@phd-law.com
MGross@phd-law.com
*Attorneys for the Plaintiff*